JIAN WEN WANG, a/k/a Jianwen Wang, Petitioner,

v.

Eric H. HOLDER, Jr.,[1] Attorney General of the United States, Respondent.

Nos. 08–1296–ag (L); 08–3940–ag (Con).

United States Court of Appeals, Second Circuit.

Oct. 19, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey.

Alexander K. Yu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Achiezer Guggenheim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, ROBERT D. SACK, and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Wen Wang, a native and citizen of the People's Republic of China, seeks review of:. (1) the February 27, 2008 order of the BIA denying his third motion to reopen, *In re Jian Wen Wang*, No. A076 586 583 (B.I.A. Feb. 27, 2008); and (2) the July 24, 2008 order of the BIA denying his motion to reconsider and fourth motion to reopen, *In re Jian Wen Wang*, No. A076 586 583 (B.I.A. July 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen and reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). There is no dispute that Wang's third and fourth motions to reopen were untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). However, there are no time and number limitations for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

### I. Dkt. No. 08–1296–ag (L)

█ The BIA did not abuse its discretion in denying Wang's third motion to reopen because it reasonably found that he failed to proffer material evidence in support of that motion. Contrary to Wang's

arguments, in evaluating the evidence that he submitted in support of his motion, the BIA did not err in failing to specifically discuss: (1) an unauthenticated notice that family planning officials allegedly sent to an anonymous couple in Fujian Province; and (2) a newspaper article from *The New York Times*. Although "IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim," *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir.2007)(quotations omitted), the Court presumes that the agency has considered the evidence unless the record compellingly suggests otherwise, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n. 17 (2d Cir.2006). We are not compelled to conclude that the BIA ignored Wang's evidence.

With respect to Wang's religion-based claim, the BIA reasonably concluded that he failed to establish that the Chinese government was or would become aware of his religious activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir.2008). Wang argues that the BIA "had a duty" to take administrative notice of the International Religious Freedom Report that he submitted. But, again, we are not compelled to find that the BIA ignored that evidence. *See Xiao Ji Chen*, 471 F.3d at 337 n. 17.

Ultimately, because the BIA did not err in finding that Wang failed to submit material evidence demonstrating a change in country conditions, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008), it did not abuse its discretion in denying his third motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *see also* 8 C.F.R. § 1003.2(c)(1). This Court lacks jurisdiction to consider the BIA's refusal to reopen Wang's proceedings *sua sponte. See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

## II.   Dkt. No. 08–3940–ag (Con)

Although Wang filed a timely petition for review from the BIA's order denying his motion to reconsider and fourth motion to reopen, he makes no argument concerning that order. Thus, we deem any challenge to that order waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, the pending motion for a stay of removal in these petitions is DISMISSED as moot.